IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RONALD CRAIG SMITH | § | |
| v. | § | CIVIL ACTION NO. 6:15cv386 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Ronald Smith, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Smith states that he is serving a life sentence for the offense felony driving while intoxicated, enhanced by two prior felony convictions. The evidence offered at trial showed that Smith was with a woman named Phyllis Moore on March 24, 2012. They left a bar and drove through the town of Winona on Farm to Market Road 16. Three state troopers saw them pull into a parking lot across from the Winona police station. Smith got out of the driver's seat and walked around to the other side of the car.

Two of the troopers approached the car and realized Smith was intoxicated. When Smith was questioned, he admitted that he had been drinking beer and driving. Smith refused to perform field sobriety tests known as the walk and turn and the one-legged stand, saying he had injuries which prevented him from complying. The horizontal gaze nystagmus (HGN) test gave six of six clues indicating that Smith was intoxicated and he could not count backwards from 75 to 60.

1

Smith was placed under arrest and given the opportunity to submit to a breath test, which he refused. A criminal history check showed he had two prior convictions for driving while intoxicated. He was transported to East Texas Medical Center and a blood draw was performed. His blood alcohol level was read by the Texas Department of Public Safety lab at .165, just over twice the legal limit.

## II. Smith's Claims

In his petition, Smith asserted that his trial counsel, Zachary Davis, rendered ineffective assistance in that Davis: (1) allowed inadmissible evidence before the jury; (2) failed to move for a directed verdict on insufficient evidence; (3) failed to move to suppress pre-*Miranda* statements (i.e. statements given while in custody but prior to the administration of warnings pursuant to ; and (4) failed to impeach Phyllis Moore, who testified for the State. He also contended that his appellate attorney, Austin Jackson, rendered ineffective assistance by (5) failing to raise the issue of trial counsel's allowing inadmissible evidence before the jury and (6) failing to raise the issue of trial counsel's failure to move for a directed verdict.

## III. The Report of the Magistrate Judge

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that Smith's petition for habeas corpus relief be denied. The inadmissible evidence allowed before the jury was the blood draw, which Smith argued was unlawful under the Supreme Court's decision in *Missouri v. McNeely*, – U.S. – , 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013). The Magistrate Judge determined that this claim was procedurally defaulted because Smith did not raise it in his state habeas corpus proceedings. The Magistrate Judge also stated that Smith did not show that but for counsel's alleged dereliction in not raising this issue, the result of the proceeding would probably have been different. Even had the evidence of the blood draw been excluded, the Magistrate Judge found that there was considerable other evidence of intoxication upon which the jury could have found Smith guilty beyond a reasonable doubt. The Magistrate Judge also concluded that counsel was not ineffective for failing to file a motion to dismiss based

on insufficient evidence because Smith offered nothing to suggest that such a motion would have had any realistic chance of being granted.

With regard to the suppression of allegedly pre-Miranda statements, the Magistrate Judge concluded that the statements were non-custodial because Smith was not in custody at the time the statements were made. The Magistrate Judge further stated that Smith failed to overcome the presumption of trial strategy concerning counsel's failure to impeach Moore and that Smith failed to show that but for this failure, the result of the proceeding would probably have been different.

Turning to the matter of effective assistance of counsel on appeal, the Magistrate Judge determined that Smith failed to demonstrate that the appellate record was sufficiently well-developed so as to show that trial counsel's representation was so deficient as to overcome the presumption of reasonableness, nor to show that but for the alleged errors, the result of the proceeding would probably have been different. Nor did Smith show that the ineffectiveness grounds he believes Jackson should have raised on appeal amounted to issues and arguments of merit. The Magistrate Judge therefore recommended that Smith's petition for habeas corpus relief be denied and that Smith be denied a certificate of appealability *sua sponte*.

## IV. Smith's Objections

### A. The Blood Draw

In his objections to the Report, Smith first acknowledges that he did not raise his *McNeely* claim in the state courts, but asks that the Court address the issue anyway because the blood draw was unlawful under that Supreme Court decision. He purports to quote *McNeely* as saying that "a reasonable officer should have known that the statute was unconstitutional," but the *McNeely* decision does not say that. That case did not hold that a blood sample taken in the absence of a warrant was *per se* invalid, but rather that "while the natural dissipation of alcohol in the blood may support a finding of exigency in a specific case, as it did in *Schmerber* [*v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)], it does not do so categorically. Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality

of the circumstances." *McNeely*, 133 S.Ct. at 1562. Smith has not shown that the warrantless blood draw was unreasonable under the totality of the circumstances in his particular case.

Nor has he shown that had the blood draw been suppressed, the result of the proceeding would probably have been different. He contends that "had counsel not errored [sic] in his lackadaisical approach to Smith's trial, the most important evidence for the State would have been suppressed, leaving only a minimal [sic] of evidence, on the grand scale of things, which Smith believes would have been insufficient to produce a conviction."

While the evidence of the blood draw showing a blood alcohol level of .165 was undoubtedly important, the Magistrate Judge properly determined that even had this fact been suppressed, the jury nonetheless had ample evidence upon which to convict Smith. Moore testified that Smith had been drinking beer and she was concerned about his driving because he had been drinking; Smith displayed physical signs of intoxication and told Officer Kimble he had been drinking; while four out of six clues on the HGN test is a sign of intoxication, Smith showed all six clues; and Smith refused the breath test and could not count backwards from 75 to 60. In his closing argument, the prosecutor did not rely solely on the blood draw, but pointed to all of these facts. Smith has not shown that but for the failure to suppress the blood draw, the result of the proceeding would probably have been different. *See, e.g., Gibbs v. U.S.*, civil action no. EP-04-CA-0355, 2007 U.S. Dist. LEXIS 43314, 2007 WL 1642376 (W.D.Tex., May 22, 2007) (no prejudice to the defense in failing to challenge admission of wedding photographs because ample other evidence existed linking the defendant to the criminal activity); *U.S. v. Maurer*, criminal action no. 08-112, 2012 U.S. Dist. LEXIS 46699, 2012 WL 1119787 (M.D.La., January 26, 2012), *Report adopted at* 2012 U.S. Dist. LEXIS 47421, 2012 WL 1119783 (M.D.La., April 3, 2012) (even if the evidence seized from the apartment had been suppressed, sufficient evidence existed to secure a conviction). The Magistrate Judge was also correct in concluding that Smith's *McNeely* claim was procedurally defaulted because he did not raise it in his post-conviction state court proceedings. Smith's objection on this point is without merit.

B. The Pre-Miranda Statements

Smith next asserts that counsel failed to ask that the pre-*Miranda* statements be suppressed, with the result that these statements were used to impeach him to such a degree that he was irreparably prejudiced. He contends that this was not a typical "traffic stop" and that the police went back across the street to get their vehicle so as to better control the scene and prevent him from leaving.

The state habeas court found as a fact that Smith made incriminating statements to the police officers at a time when he was not in custody. The Magistrate Judge properly determined that this finding is presumed correct unless rebutted by clear and convincing evidence, which Smith failed to do. The Magistrate Judge further concluded that Smith was not in custody even if, as Smith claimed, the police vehicle had been moved behind his car so as to prevent him from driving away. Smith's conclusory assertion that he was subjected to a custodial interrogation fails to rebut the determinations by the state habeas court and the Magistrate Judge that his incriminating statements were non-custodial and thus not subject to suppression. Smith's objection on this point is without merit.

C. Failure to Impeach Moore

Smith argues that counsel's failure to impeach Moore was detrimental to the defense in that had he chosen to do so, Moore's credibility would have been before the jury. He claims this would have prejudiced the State's case to such a degree that in conjunction with the above issues, the result of the proceeding would probably have been different.

The records shows that Moore testified before the jury that she had been placed on probation in 2012 for possession of a controlled substance and that she was still on probation. (Docket no. 12-5, pp. 27-28). The jury thus could have considered this evidence in assessing Moore's credibility regardless of whether or not Davis went through the steps of impeaching her with it. In addition, the Magistrate Judge properly concluded that Smith failed to overcome the strong presumption that counsel acted reasonably in failing to impeach Moore and that Smith failed to show that but for this

5

failure, the result of the proceeding would probably have been different. Smith's objection on this point is without merit.

    D.Ineffective Assistance of Counsel on Appeal

Smith concedes the directed verdict issue, but complains that counsel did not raise the *McNeely* issue on direct appeal even though appellate counsel had the benefit of that decision.[1] Smith did not present this claim to the state courts, making it unexhausted and thus procedurally defaulted. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). In addition, Smith couched his claim as appellate counsel's failure to raise the issue of trial counsel's ineffectiveness, and the Magistrate Judge correctly concluded that Smith failed to show that the record was developed sufficiently so as to show on appeal that trial counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. Even had the record been so developed, Smith further has not shown any realistic likelihood that this issue would have been successful on appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). Smith's objections are without merit.

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 23) is **ADOPTED** as the opinion of the District Court. It is further

---

[1]The *McNeely* decision was handed down by the Supreme Court on the last day of Smith's trial.

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Ronald Smith is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **28** day of **September, 2016.**

                                           Ron Clark, United States District Judge